# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | | | |
|---|---|---|---|
| United States of America | ) | | |
| v. | ) | | |
| JORGE LUIS HERNANDEZ VILLAZON | ) | Case No. | 8:25-cr-327-WFJ-AAS |
| | ) | | |
| *Defendant* | ) | | |

## ORDER OF DETENTION PENDING TRIAL

Upon the Motion of the Government pursuant to 18 U.S.C. § 3142(f)(2), the Magistrate Judge held a detention hearing. This transcript is in the record. The Court has reviewed this entire record, de novo. The Court held a hearing on September 10, 2025, at which the defendant and counsel appeared, along with a number of the defendant's friends/family. The Court permitted both sides to proffer or produce any evidence they wished, beyond the cogent pleadings and record related to detention.

The Motion of the Government was pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

(1) A serious risk that the defendant will flee if released; and

(2) A serious risk that the defendant will obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror if released.

The Court finds that the Government established both of the factors above and finds that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Analysis of the Reasons for Detention

After considering the nature and circumstances of the alleged conduct of the defendant, the history and characteristics of the defendant, the other factors set forth in 18 U.S.C. § 3142(g), the information presented at the detention hearings, and the available conditions of release under 18 U.S.C. § 3142(c), the Court concludes that the defendant must be detained pending trial because the Government has proven:

> By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. Further, there is clear and convincing evidence of the likelihood of threats to others or obstruction of justice.

The reasons for detention include the following:

> The weight of the evidence appears solid and includes recordings of the defendant. Dkt. 1 at 10. The allegations and sworn complaint set forth a disturbing alleged pattern of obstruction of justice. This pattern of obstruction, as alleged, includes fraud and extortionate threats against criminal defendants in several states, Puerto Rico, and Colombia. These acts involve very large sums of money. *See* Dkt. 1 at 13. The allegations, at a minimum, suggest "rainmaking" and illegal fee splitting (see Fla. Bar Rule 4-5.4(a)) with attorneys in a fraudulent manner. The defendant is accused of arranging false cooperators in a manner to obstruct courts and justice. The acts, mostly, occurred while the defendant was subject to federal prosecution in New York or on that federal (now pending) supervised release. If proven, the defendant is subject to a lengthy prison sentence. The defendant has

access to very large amounts of money, likely overseas, and has extensive overseas contacts. His statement to pretrial services about his employer was not accurate. The defendant is not a citizen or permanent resident. He has a final removal order pending and a warrant of removal outstanding. ICE has lodged a detainer against this Colombian citizen. It appears the defendant could be deported at any time to a country other than Colombia.

Notwithstanding the dutiful considerations of the learned Magistrate Judge, Dkt. 16-2, the Court finds the result in Docket 16-2 clearly erroneous and contrary to the law.

### Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: September 12, 2025.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**