UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TELEMINA BARROS-CUADRADO,
And SOCRATES GABRIEL BARROS-FINCE,

     Plaintiffs,                         CASE NO.: 8:25-cv-02259-WFJ-LSG

vs.

MANUEL J. RETURETA, individually,
RETURETA & WASSEM, PLLC,

     Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO AMENDED COMPLAINT

Defendants, MANUEL J. RETURETA ("Retureta") and RETURETA & WASSEM,

PLLC ("R & W") (collectively "Defendants"), by and through undersigned counsel,

pursuant to Rule 8(b), Fed. R. Civ. P., answer to Plaintiffs TELEMINA BARROS-

CUADRADO ("Barros") and SOCRATES GABRIEL BARROS-FINCE's ("Socrates")'

Amended Complaint as follows:

1. Admitted.

2. Admitted.

3. Without sufficient knowledge or information as to the Defendant's residency;

   therefore denied.

4. Admitted.

5. Admitted that Retureta is a licensed attorney and resides in Washington, DC;

   Defendants deny the remaining allegations, including characterization of

   reputation or volume of cases.

1

6. Admitted that R & W is a D.C. PLLC, that Retureta was working as a partner in the firm; Defendants deny the rest of the allegations in paragraph 6.

7. Admit that Socrates's criminal case was pending in the District; deny all other allegations in paragraph 7.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

2

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

18. Paragraph 18 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph..

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph..

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

CHOI & MENEZES, LLP
1925 Brickell Avenue, Suite D206, Miami, Florida  33129 *Telephone: 305.854.6333 *Facsimile: 305.675.0967

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph..

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

24. Paragraph 24 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

CHOI & MENEZES, LLP
1925 Brickell Avenue, Suite D206, Miami, Florida  33129 *Telephone: 305.854.6333 *Facsimile: 305.675.0967

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

29. Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

30. Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

31. Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

32. Paragraph 32 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

33. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 33; therefore, they deny them.

34. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 34; therefore, they deny them.

35. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 35; therefore, they deny them.

36. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 36; therefore, they deny them.

CHOI & MENEZES, LLP
1925 Brickell Avenue, Suite D206, Miami, Florida  33129 *Telephone: 305.854.6333 *Facsimile: 305.675.0967

37. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 37; therefore, they deny them.

38. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 38; therefore, they deny them.

39. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 39; therefore, they deny them.

40. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 40; therefore, they deny them.

41. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 41; therefore, they deny them.

42. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 42; therefore, they deny them.

43. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 43; therefore, they deny them.

44. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 44; therefore, they deny them.

45. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 45; therefore, they deny them.

46. Admitted that Boli is a licensed paralegal and that he has performed legitimate, bona fide paralegal and investigative services; except that Defendants deny all other allegations contained in paragraph 46.

47. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 47; therefore, they deny them.

6

48. Denied.

49. Admitted.

50. Admitted.

51. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in this paragraph 51; therefore, they deny them.

52. Admitted that Federico Alvarez had conversations related to the possible representation for the legal representation for Socrates, Jorge Leonardo Diaz-Ramos (Ramos), and Stander Barros-Pulido, and that Socrates was the lead defendant; except that Defendants deny all other allegations contained in paragraph 52.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Admitted.

60. Admitted that Socrates was visited by Boli, who was accompanied by Alvarez; except that Defendants deny all other allegations in paragraph 60.

61. Admitted.

62. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

7

63. Denied.

64. Denied.

65. Denied.

66. Admitted that Socrates was viewed by the Government as being a leader, manager, and organizer, whereas Ramos had a much lesser working role, such as transporting cocaine and delivering it to launching sites and engaging in communications with co-conspirators; except that Defendants deny all other allegations in paragraph 66.

67. Admitted.

68. Admitted that there was a meeting between Retureta and Telemina Barros-Cuadrado on July 18, 2022; except that all other allegations in this paragraph are denied.

69. Denied.

70. Denied.

71. Denied.

72. Admitted that on March 1, 2023, Socrates and Ramos signed plea agreements and pled guilty to drug trafficking conspiracy, and that the plea agreement and plea colloquy required Socrates to agree that he received no sentencing promise from anyone, including Retureta; except that Defendants deny all other allegations in paragraph 72.

73. Admitted.

74. Admitted.

75. Denied.

CHOI & MENEZES, LLP
1925 Brickell Avenue, Suite D206, Miami, Florida  33129 *Telephone: 305.854.6333 *Facsimile: 305.675.0967

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 80; therefore, they deny them.

81. Denied.

82. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 82; therefore, they deny them.

83. Denied.

84. Denied.

85. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 85; therefore, they deny them.

86. Admitted that before and after Socrates was sentenced, Retureta and Socrates discussed sentencing options; except that Defendants deny all other allegations in paragraph 86.

87. Denied.

88. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 88; therefore, they deny them.

89. Admitted that Socrates signed the plea deal, answered the judge's questions at sentencing; except that Defendants deny all other allegations contained in paragraph 89.

90. Denied.

CHOI & MENEZES, LLP
1925 Brickell Avenue, Suite D206, Miami, Florida  33129 *Telephone: 305.854.6333 *Facsimile: 305.675.0967

91. Defendants incorporated by reference their previous answers to paragraphs 1 through 90 as fully set forth herein.

92. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

93. Denied.

94. This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

95. Denied.

96. Denied.

97. Defendants incorporated by reference their previous answers to paragraphs 1 through 90 as fully set forth herein.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Defendants incorporated by reference their previous answers to paragraphs 1 through 90 as fully set forth herein.

106. Denied.

10

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Defendants incorporated by reference their previous answers to paragraphs 1 through 90 as fully set forth herein.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

Defendants incorporated by reference their previous answers to paragraphs 1 through 90 as fully set forth herein.

120. Denied.

121. Denied.

122. Denied.

## First  Affirmative Defense
### (Heck v. Humphrey – Impermissible Collateral Attack)

123. Plaintiffs' claims are barred because success on those claims would necessarily imply the invalidity of Socrates's federal sentence, which has not been reversed, vacated, or otherwise invalidated.

11

CHOI & MENEZES, LLP
1925 Brickell Avenue, Suite D206, Miami, Florida  33129 *Telephone: 305.854.6333 *Facsimile: 305.675.0967

124. Plaintiffs allege that Defendants' conduct caused Socrates to receive a 210-month sentence rather than a substantially shorter term. Socrates has not appealed his sentence and has not obtained relief under 28 U.S.C. § 2255. His conviction and sentence remain valid.

125. A civil damages award predicated on the alleged impropriety of that sentence would constitute an impermissible collateral attack.

## Second Affirmative Defense
## (Florida Criminal Malpractice Exoneration Rule)

126. Under Florida law, a criminal defendant may not maintain a legal malpractice action arising from criminal representation unless he establishes exoneration of the conviction and actual innocence of the underlying offense.

127. Socrates pled guilty under oath, was adjudicated guilty, and was sentenced. He has not obtained reversal, vacatur, or exoneration of his conviction or sentence and does not allege actual innocence. Accordingly, the malpractice-based claims are barred.

## Third Affirmative Defense
## (Judicial Estoppel)

128. Plaintiff Socrates is judicially estopped from asserting positions inconsistent with his sworn Rule 11 plea colloquy.

129. During the plea proceeding, Socrates affirmed under oath that no promises were made regarding sentencing, no guarantees were provided by counsel, and that he entered his plea voluntarily. Plaintiffs' current allegations contradict those sworn statements. Judicial estoppel precludes such inconsistent positions.

CHOI & MENEZES, LLP
1925 Brickell Avenue, Suite D206, Miami, Florida  33129 *Telephone: 305.854.6333 *Facsimile: 305.675.0967

## Fourth Affirmative Defense
### (Void and Unenforceable Contract – Illegality)

130. Plaintiffs allege that the representation contemplated the purchase of "positivos" to influence federal sentencing and characterize such conduct as illegal.

131. To the extent Plaintiffs' contract theory relies upon alleged illegal conduct, any such agreement would be void and unenforceable as against public policy. Plaintiffs cannot recover based on an agreement they allege was founded on illegality.

## Fifth Affirmative Defense
### (Intracorporate Conspiracy Doctrine)

132. Count III is barred because a corporation and its agents acting within the scope of their duties constitute a single legal entity incapable of conspiring with itself.

133. The Amended Complaint alleges that Manuel Retureta, the law firm, and individuals alleged to be firm agents acted in connection with the firm's representation of Socrates. Plaintiffs do not allege facts showing conduct outside the scope of employment or a distinct personal stake sufficient to establish a legally cognizable conspiracy.

## Sixth Affirmative Defense
### (Lack of Privity – Telemina Barros-Cuadrado)

134. Plaintiff Telemina Barros-Cuadrado lacks privity of contract.

135. Defendants met and interacted with her only after the Defendants had already been retained by Socrates.

136. The attorney-client relationship existed between Defendants and Socrates in connection with the federal criminal prosecution. Telemina was not the criminal defendant and was not the direct recipient of legal services in that proceeding.

CHOI & MENEZES, LLP
1925 Brickell Avenue, Suite D206, Miami, Florida  33129 *Telephone: 305.854.6333 *Facsimile: 305.675.0967

Absent privity or an express intent to directly benefit a third party, negligence-based claims by non-clients are barred.

## Seventh Affirmative Defense
### (In Pari Delicto/Unclean Hands)

137. Plaintiffs allege that they knowingly paid for "positivos," which they characterize as illegal. To the extent Plaintiffs participated in alleged illegal conduct, recovery is barred by the doctrines of in pari delicto and unclean hands.

## Eighth Affirmative Defense
### (Voluntary Payment/Quantum Meruit)

138. Plaintiffs voluntarily paid fees for representation in an international drug trafficking prosecution, including extradition proceedings, plea negotiations, and sentencing advocacy.

139. Even if any contract theory fails, Defendants are entitled to compensation in quantum meruit for substantial legal services rendered.

## Ninth Affirmative Defense
### (Failure to Mitigate)

140. Plaintiffs failed to mitigate their alleged damages.

141. Socrates did not file a direct appeal and has not sought post-conviction relief under 28 U.S.C. § 2255. Failure to pursue available remedies precludes or reduces recovery.

## Tenth Affirmative Defense
### (Independent Prosecutorial and Judicial Discretion – No Proximate Cause)

142. Plaintiffs cannot establish proximate causation.

143. The United States Attorney did not file a §5K1.1, §3553(e), or Rule 35 motion on Socrates' behalf. The sentencing court independently determined the advisory

CHOI & MENEZES, LLP
1925 Brickell Avenue, Suite D206, Miami, Florida  33129 *Telephone: 305.854.6333 *Facsimile: 305.675.0967

guideline range, considered Socrates' role in the offense, and imposed sentence. Decisions regarding substantial assistance motions and sentencing determinations rest within the discretion of the Government and the Court. These independent discretionary acts break any alleged causal chain.

## Eleventh Affirmative Defense
### (Failure to Establish "Case Within a Case")

144. Plaintiffs cannot establish that, but for Defendants' alleged conduct, the Government would have filed a substantial assistance motion, the Court would have granted such a motion, and a materially lower sentence would have been imposed. Any alleged alternative sentencing outcome is speculative and contingent on discretionary third-party decisions.

## Twelfth Affirmative Defense
### (Non-Actionable Opinion/Future Contingency)

145. The alleged representations concern predicted sentencing outcomes, potential cooperation benefits, and anticipated Government action. Such statements concern future contingent events dependent upon prosecutorial discretion and judicial authority and do not constitute actionable misrepresentations of existing material fact.

## Thirteenth Affirmative Defense
### (Punitive Damages Not Warranted)

146. Plaintiffs cannot establish entitlement to punitive damages. The allegations concern disputed statements regarding potential sentencing outcomes and do not rise to the level of intentional misconduct or gross negligence required under Florida law.

## DEMAND FOR TRIAL BY JURY

15

Defendants demand trial by jury on all issues so triable.

WHEREFORE, Defendants, MANUEL J. RETURETA and RETURETA & WASSEM, PLLC, respectfully request that this Court:

1. Enter judgment in favor of Defendants and against Plaintiffs on all counts of the Amended Complaint;

2. Dismiss Plaintiffs' claims with prejudice;

3. Award Defendants their taxable costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920;

4. Award such other and further relief as the Court deems just and proper.

Date: February 23, 2026

Respectfully submitted,

CHOI & MENEZES, LLP
1925 Brickell Avenue, Suite D-205
Miami, Florida 33129
Telephone:  305.854.6333
Facsimile:   305.675.0967
Primary Email: iyc@choilawfirm.com
Secondary Email: choilawyer@aol.com

By: ___/s/ Il Young Choi_____
         IL YOUNG CHOI, ESQ.
         F.B.N. 10375

*Attorneys for the Defendants*
## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of February 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and through that filing served:  Richard J. Diaz, Esq., Richard J. Diaz, P.A., 3127 Ponce de Leon Blvd., Coral Gables, Florida 33134, email: rick@rjdpa.com.

CHOI & MENEZES, LLP
1925 Brickell Avenue, Suite D206, Miami, Florida  33129 *Telephone: 305.854.6333 *Facsimile: 305.675.0967

By:   /s/ Il Young Choi
           IL YOUNG CHOI, ESQ.

17